UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.                                        Case No: 2:24-cv-00451-JLB-KCD

MING & KWANG DEVELOPMENT
CORPORATION,

    Defendant.
_____/

## ORDER

Before the Court is Great Lakes Insurance SE's (Plaintiff's) Motion for Summary Judgment (Doc. 37) and Ming & Kwang Development Corporation's (Defendant's) Motion for Summary Judgment (Doc. 32).[1] After careful review of the Complaint, the parties' briefing, and the entire record, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## BACKGROUND

The following facts are undisputed.[2] Defendant obtained an insurance policy

---

[1] This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiff is incorporated in and has its principal place of business in Germany. (Doc. 1 at ¶ 6–7). Defendant is incorporated in and has its principal place of business in Florida. (*Id.* at ¶ 8–10). The amount in controversy exceeds $75,000. (*Id.* at ¶ 1).

[2] In its Motion for Summary Judgment, Defendant lists as undisputed several facts that it previously denied in its Answer. (*See generally* Doc. 29; Doc. 32 at 2–3). In its Motion for Summary Judgment, Defendant does not dispute these facts. (*See generally* Doc. 32). Therefore, there are no material facts in dispute. *Carr v. Amica Mut. Ins. Co.*, No. 8:21-CV-2112-VMC-SPF, 2021 WL 6884307, at *1 (M.D. Fla. Sept. 17, 2021) ("In deciding a motion

from Plaintiff to cover commercial property located at 4584 Enterprise Avenue in Naples, Florida. (Doc. 1-2 at 5). During the policy period, Defendant sent Plaintiff a Notice of Loss alleging damage caused by Hurricane Ian to the covered property. (Doc. 37-1 at ¶ 14; Doc. 1 at ¶ 17; Doc. 29 at ¶ 17). Plaintiff adjusted the claim, but the parties and their respective appraisers disputed the extent of damage. (Doc. 1-3; Doc. 37-1 at ¶¶ 15–22). Under the Policy's appraisal provision, if the parties' appraisers disagree on the amount of loss, the differences must be submitted to an umpire. (Doc. 1-2 at 71). Thus, Plaintiff sent Defendant a Declaration of Appraiser and Selection of Umpire form (the "Appraisal Form"). (Doc. 1-6; Doc. 37-1 at ¶ 24). The Appraisal Form requests that the umpire's appraisal valuation delineate between replacement cost value ("RCV"), actual cash value ("ACV"), indirect and direct damages, and damages incurred for matching and continuity purposes. (Doc. 1-6 at 2).[3] Defendant disagreed with the delineation requirement. (Doc. 37-1 at ¶ 26; Doc. 1-11; Doc. 32 at 2–3).

      To resolve the dispute, Plaintiff seeks a declaration from this Court that any appraisal under the insurance policy must delineate between ACV, RCV, and matching costs. (*See* Doc. 1). In disagreement, Defendant filed a motion to dismiss, arguing that Plaintiff failed to state a claim for declaratory relief. (Doc. 13). This

---

for summary judgment, the Court will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert.").

[3] The replacement cost value is the replacement cost of Plaintiff's property without deductions for depreciation. *See CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 191 (11th Cir. 2021) (defining "replacement cost value"). The actual cash value represents the replacement cost minus the deduction for depreciation. *See id.*

Court denied the motion, finding that Plaintiff sufficiently stated a claim for declaratory relief. (Doc. 28). Now before the Court are the parties' respective motions for summary judgment. (Doc. 32; Doc. 37). Defendant filed a Motion for Summary Judgment (Doc. 32) to which Plaintiff responded (Doc. 35) and Defendant replied (Doc. 41). In turn, Plaintiff filed a Motion for Summary Judgment (Doc. 37) to which Defendant responded (Doc. 38).

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Id.* "[A] mere scintilla of evidence" does not create a genuine issue of material fact, so a nonmoving party may not simply state that "the jury might, and legally could, disbelieve the moving party's evidence." *Hinson v. Bias*, 927 F.3d 1103, 1115–16 (11th Cir. 2019) (citation and internal quotation marks omitted).

Courts may not make credibility determinations or weigh the evidence when reviewing the record. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("On summary judgment . . . [n]either [the Eleventh Circuit] nor the district court are to undertake credibility determinations or weigh the evidence."). Instead, courts view evidence and draw all reasonable inferences in the nonmoving party's

favor. *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir. 2002). But "an inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982). In sum, the ultimate question for the Court on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

When there are cross-motions for summary judgment, granting summary judgment is appropriate where "one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555–56 (11th Cir. 1984); *Bulle v. Nat'l Fire & Marine Ins. Co.*, 653 F. Supp. 3d 1159, 1165 (M.D. Fla. 2023) ("The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed.").

"Cross motions for summary judgment may be probative of the nonexistence of a factual dispute." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983). However, "this procedural posture 'do[es] not automatically empower the court to dispense with the determination whether questions of material fact exist.'" *Georgia State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336, 1345 (11th Cir. 2015) (quoting *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983) (alteration in original)). If "both parties

4

proceed on the same legal theory and rely on the same material facts . . . the case is ripe for summary judgment." *Shook,* 713 F.2d at 665.

## DISCUSSION

Plaintiff and Defendant do not dispute any material fact. (*See generally* Doc. 32; Doc. 37). Indeed, the parties rely on the same material facts in their respective motions for summary judgment and do not argue that any material fact is in dispute. (*See* Doc. 31 at 2–3; Doc. 37 at 2–6). Further, interpretation of an insurance policy is "a pure question of law . . . [that] may be decided at the summary judgment stage." *State Farm Mut. Auto. Ins. Co. v. Spangler*, 64 F.4th 1173, 1178 (11th Cir. 2023). Thus, this case is ripe for summary judgment. *See Georgia State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336, 1345 (11th Cir. 2015) (quoting *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983)) ("If 'both parties proceed on the same legal theory and rely on the same material facts . . . the case is ripe for summary judgment.'").

Plaintiff concedes that the plain language of the insurance policy does not require delineation of ACV, RCV, and matching. (Doc. 37 at 11). Still, Plaintiff argues that such delineation is necessary because the insurance policy must be read "as a whole, endeavoring to give every provision its full meaning and effect." (Doc. 37 at 8) (quoting *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000)). Specifically, Plaintiff contends that, because the policy conditions payment of RCV damages on completion of repairs and does not include matching costs in ACV payments, the appraisal form must list each cost by line-item to avoid paying more

5

than what is owed under the policy. (Doc. 37 at 8; *see generally* Doc. 1-2).

However, "[i]n interpreting insurance contracts, the Florida Supreme Court has made clear that 'the language of the policy is the most important factor.'" *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 537 (Fla. 2005)). Accordingly, "courts may not 'rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.'" *White Surf Condo. Mgmt. Ass'n, Inc. v. Lexington Ins. Co.*, No. 6:17-CV-1203-ORL-40TBS, 2017 WL 10084143, at *1 (M.D. Fla. Aug. 10, 2017) (quoting *Taurus Holdings, Inc.*, 913 So. 2d at 532). Though "a line-item approach may well be of great assistance to the Court and the parties, the issue is not whether the approach is 'preferred,' but whether it can be compelled over the objection of one of the contracting parties." *Id.* (finding that delineation of ACV and RCV cannot be required in appraisal over the objection of a party where the policy's plain language does not consider it).

The policy's appraisal provision provides for the procedure of appraisal as follows:

> If we and you disagree on the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of Net Income and operating expense or amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Doc. 1-2 at 71). The policy does not dictate that the form of appraisal must delineate based on ACV, RCV, and matching costs. (*See generally id.*). While the parties are free to agree to such delineation, the Court cannot compel it. *White Surf Condo. Mgmt. Ass'n, Inc.*, 2017 WL 10084143, at *1; *see Vista View Apartments, Ltd. v. Chubb Custom Ins. Co.*, No. 08-22772-CIV, 2009 WL 10669062, at *1–2 (S.D. Fla. July 7, 2009) (rejecting the respondent's request for delineation of losses based on covered and non-covered claims because "a review of the Policy reveals that nothing in the plain language of the Policy provides for the itemization"); *Creekside Crossing Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-136-JLB-MRM, 2022 WL 962743, at *8 (M.D. Fla. Jan. 31, 2022), report and recommendation adopted, No. 2:20-CV-136-JLB-MRM, 2022 WL 780950 (M.D. Fla. Mar. 15, 2022) (finding that requiring the appraisal form to breakdown damages by line-item "would amount to rewriting the parties' Policy to add conditions for the appraisal process that were not part of the parties' bargain"); *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, No. 218CV460FTM38UAM, 2019 WL 700114, at *1 (M.D. Fla. Feb. 20, 2019) (same); *Great Lakes Ins. SE v. Concourse Plaza*, No. 21-CV-21873, 2024 WL 4441807, at *4 (S.D. Fla. Oct. 8, 2024) (same); *Marbella at Spanish Wells 1 Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-641-SPC-KCD, 2024 WL 2803287, at *1 (M.D. Fla. May 31, 2024) (same).

Further, the cases Plaintiff relies on to support delineation are distinguishable. For instance, in *Westchester Surplus Lines Ins. Co. v. Jadestation Holdings, LLC*, No. 2:23-CV-927-SPC-NPM, 2024 WL 3642335, at *1–2 (M.D. Fla.

7

July 19, 2024), the Court granted the motion to compel appraisal because the parties agreed on the form of appraisal.  Likewise, in *Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, Inc.*, 306 So. 3d 1238, 1240 (Fla. 2d DCA 2020) delineation of the appraisal form was never in dispute.

In support of its argument that the appraisal form should at least delineate matching costs, Plaintiff argues that no Florida Statute requires insurers to cover costs for matching for commercial policies.  (Doc. 37 at 12) (citing *Ocean View Towers Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60447-CIV, 2011 WL 6754063, at *6 (S.D. Fla. Dec. 22, 2011) ("[N]o Florida statute requires [matching costs] of the insurer, except in the case of homeowner's policies.").  Thus, Plaintiff argues, the policy "must be construed in a way which brings it into compliance'" with the law. (Doc. 37 at 12) (quoting *Kaufman v. Mut. of Omaha Ins. Co.*, 681 So. 2d 747, 749 (Fla. 3d DCA 1996)).  It is true that Florida Statute § 626.9744 provides matching costs in homeowner's insurance policies "[u]nless otherwise provided by statute" and that there is no parallel statute imposed on commercial policies.  Fla. Stat. § 626.9744.  However, it does not follow that commercial insurance policies are prohibited from providing matching costs.  Therefore, this argument is unpersuasive.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 32) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. 37) is **DENIED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly,

8

terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** in Fort Myers, Florida, on September 2, 2025.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE