UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREAT LAKES INSURANCE SE,

      Petitioner,

v.                                                                    Case No:  2:24-cv-00451-JLB-DNF

MING & KWANG DEVELOPMENT
CORPORATION,

      Respondent.

_____/

## ORDER

The Magistrate Judge has entered a Report and Recommendation (Doc. 58), recommending that Respondent Ming & Kwang Development Corporation's ("Ming") Motion for Entitlement to Attorney's Fees (Doc. 47) be granted.  Petitioner Great Lakes Insurance SE ("Great Lakes") timely objected (Doc. 59), and Respondent responded (Doc. 60).  Upon careful review, the Court finds that Respondent's Motion (Doc. 47) is due to be **GRANTED**.

## BACKGROUND

In May 2024, Great Lakes, an insurance company, filed suit in this Court against Ming, the insured, seeking a declaratory judgment that the insurance policy required delineation between actual cash value and real cost value during appraisal.  (*See generally* Doc. 1).  Great Lakes brought the action in federal court,

alleging jurisdiction through diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] (Doc. 1 at ¶ 11).  Eventually, each party filed a motion for summary judgment. (Docs. 32, 37).  The Court entered an Order granting summary judgment in favor of Ming and against Great Lakes, finding that the policy's plain language did not require delineation.  (Doc. 44).

Shortly thereafter, Ming filed a Motion for Entitlement to Attorney's Fees and Expenses, seeking to recover attorneys' fees under section 626.9373, Florida Statutes.  (Doc. 47).  Great Lakes responded in opposition (Doc. 53).  The Magistrate Judge issued a Report and Recommendation recommending Ming's Motion be granted.  (Doc. 58).  Great Lakes timely objected (Doc. 59), and Ming responded (Doc. 60).

## LEGAL STANDARD

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

## DISCUSSION

After an independent review of the record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.

---

[1] "As a federal court exercising diversity jurisdiction, . . . [i]f the matter is procedural then federal law will apply; but if the matter is substantive, then we will apply the law of the forum state. *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  "It is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes."  *Id.* at 1132.

Great Lakes argues that the plain language of section 626.9373(1) requires that an insured is entitled to attorney's fees when the insured obtains a judgment against the insurer in a lawsuit prosecuted by the insured and in which recovery is awarded for the insured.  (Doc. 59 at 4–6).  Section 626.9373 provides:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court … shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded . . . [T]he amount of reasonable attorney fees shall be awarded only as provided in s. 57.105 2 or s. 627.70152, as applicable.
>
> (2) If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

This section, applicable to surplus lines insurers, is "virtually identical" to section 627.428, which is applicable to insurers generally.  *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018).  Thus, whether the analysis is under section 627.428 or 626.9373 "is a distinction without a difference."  *Id.*

"Florida courts applying the statute have awarded attorney's fees even in cases where the insured party did not prevail on the merits."  *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 964 (11th Cir. 2008) (internal quotation marks omitted) (collecting cases).  This is true "even in the absence of a literal judgment when an insured obtains the 'functional equivalent of a confession of judgment or a verdict.'"  *Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1253

(M.D. Fla. 2019) (quoting *Wollard v. Lloyd's & Companies of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983)).  Indeed, "[a]n insured is entitled to attorney's fees under [626.9373], Florida Statutes, where it was reasonably necessary for the insured to litigate in court in connection with an appraisal under an insurance policy." *Pineda v. State Farm Fla. Ins. Co.*, 47 So. 3d 890, 892 (Fla. 3d DCA 2010) (holding that awarding attorney's fees was appropriate where "resolution of the issue presented by the Pinedas' declaratory counterclaim was reasonably necessary in connection with the ongoing appraisal"); *see Gov't Emps. Ins. Co. v. Battaglia*, 503 So. 2d 358, 360 (Fla. 5th DCA 1987) ('The purpose of section [626.9373] is to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so.").

Here, Great Lakes included language in its appraisal form for delineation that was not contained in the policy.  Ming refused to continue the appraisal with this language.  Great Lakes sued Ming to compel the appraisal to proceed with this additional language.  The Court, finding that delineation was outside of the policy's language, entered summary judgment in favor of Ming and against Great Lakes. Thus, Ming's involvement in the action "served a legitimate purpose." *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1082 (Fla. 4th DCA 2009); *7635 Mandarin Drive, LLC v. Certain Underwriters at Lloyd's, London, Subscribing to Pol'y No. B050719MKSC000018-00*, 392 So. 3d 592, 598 (Fla. 4th DCA 2024) ("Because the insurer refused to negotiate without the insureds providing an actual cost value estimate, the lawsuit was the 'necessary catalyst to resolve the dispute

and force the insurer to satisfy its obligations under the insurance contract.')
(quoting *Lewis*, 13 So. 3d at 1081).

Further, to the extent that Great Lakes argues that section 626.9373 requires judgment in a lawsuit prosecuted by the insured, that argument fails.  (*See* Doc. 59 at 8).  Nowhere does section 626.9373 require that the action be brought by the insured.  Simply stated, the Court finds that the plain language of the statute necessitates judgment in favor of the insured.

Great Lakes next argues that the requirement that there be a monetary recovery to obtain attorney's fees under section 626.9373 is supported by the statute's reference to section 627.70152.  (Doc. 59 at 6).  Specifically, because section 627.70152 references "the difference between the amount obtained by the claimant and the presuit settlement offer," it follows that there must have been some monetary amount recovered.  (*Id.*) (quoting section 627.70152).  But section 627.70152 dealt with presuit notice—it is not a substantive statute.  *Citizens Prop. Ins. Corp. v. Vazquez*, 368 So. 3d 456, 460–61 (Fla. 4th DCA 2023) ("Had the legislature intended for section 627.70152 to create a new substantive right to attorney's fees, it would have said so.").  Therefore, section 627.70152 has no bearing on entitlement to attorney's fees.

Accordingly, it is **ORDERED** that:

1.     The Report and Recommendation (Doc. 58) is **ADOPTED** and made a part of this Order for all purposes.

2.     Respondent's Motion for Entitlement to Attorney's Fees (Doc. 47) is **GRANTED**.

3.     Petitioner's Objection to the Report and Recommendation (Doc. 59) is **OVERRULED**.

4.     Respondent is **DIRECTED** to comply with M.D. Fla. Loc. R. 7.01(c), filing a supplemental motion as to the amount of attorney's fees and costs within 45 days from the date of this Order.

**ORDERED** in Fort Myers, Florida, on April 1, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE